IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00282-CV

 

Carl Ruffino,

                                                                      Appellant

 v.

 

Tranum, Inc. d/b/a 

Tranum Auto Group and

James E. Tranum,

                                                                      Appellees

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 53172-CV

 



ORDER TO WRITE OFF FEES










 

          We render this order during our
plenary power in this case.  Tex. R.
App. P. 19.1(a).

          On May 18, 2005 this appeal was
dismissed due to Ruffino’s failure to pay the filing fee or comply with the
rules regarding proceeding as an indigent appellant.  See Ruffino v.
Tranum, Inc., No. 10-04-00282-CV, 2005 Tex. App. LEXIS 3783 (Tex. App.—Waco, May 18, 2005, no pet. h.).

          Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998).  See
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov’t Code Ann. §§ 51.207(b) and
51.901 (Vernon Supp. 2004-2005).  Under these circumstances, we suspend the
rule and order the Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.  

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Fees
written off

Order
issued and filed July 13, 2005

[CV06]






tino'>            Acton testified at the hearing.  She
stated that she hates needles and did not want her blood drawn and did not
consent to any blood being drawn.  She agreed that the blood was taken over her
refusal and objection.  She also stated that she refused the IV and the sutures
because of her fear of needles.

            In reviewing a trial court's ruling on
a motion to suppress, an appellate court must view the evidence in the light
most favorable to the trial court's ruling.  State v. Kelly, 204 S.W.3d
808, 818 (Tex. Crim. App. 2006).  When a trial court makes fact findings, the
appellate court determines whether the evidence (viewed in the light most
favorable to the trial court's ruling) supports these fact findings.  Id
at 818, 819.  The appellate court then reviews the trial court's legal ruling
de novo unless the trial court's supported-by-the-record explicit fact findings
are also dispositive of the legal ruling.  Id.

            The trial court found that Acton did not consent to the drawing of her blood.  There is ample evidence in the record,
viewed in the light most favorable to the trial court’s ruling, to support that
finding.  The trial court’s finding is also dispositive of the legal ruling. 
Accordingly, the State’s sole issue is overruled.

Conclusion

            Having overruled the State’s issue, we
affirm the trial court’s order suppressing the blood evidence.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed July 8, 2009

Do
not publish 

[CR25]